```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
CARTIER, a division of RICHEMONT         :
NORTH AMERICA, INC.; and CARTIER         :
INTERNATIONAL, B.V., PANERAI, a          :    05 Civ. 7230 (JSR)
division of RICHEMONT NORTH AMERICA,     :
INC.,                                    :         OPINION
                                         :
            Plaintiffs,                  :
                                         :
        -v-                              :
                                         :
BERTONE GROUP, INC. d/b/a PREMIER        :
LEASING GROUP, JACKIE BERTONE and        :
JOHN DOES 1-10,                          :
                                         :
            Defendants.                  :
---------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-21-05

JED S. RAKOFF, U.S.D.J.

Defendants in this trademark infringement case served a notice pursuant to Fed. R. Civ. P. 30(b)(6), seeking to depose a representative of the plaintiffs about various topics. In response plaintiffs designated Tal Benschar, Esq., one of its two litigation counsel in the case, as its designated deponent to testify concerning "[e]vidence within the possession, custody, or control of [Cartier] of allegedly infringing activities by Defendants" and "[e]vidence within the possession, custody, or control of [Cartier] of any and all alleged instances of trademark infringement by the Defendants in this matter." The defendants objected on the ground that plaintiffs' designation violated New York Disciplinary Rule 5-102 (set forth infra). By Order dated November 23, 2005, the Court denied the defendants' motion to disqualify Mr. Benschar from serving as a "30(b)(6)" witness, but declined to rule on whether Mr. Benschar's serving in that role would disqualify him from subsequently

representing defendants at the trial of this case. This Opinion briefly states the reasons for these rulings.

New York Disciplinary Rule 5-102 provides that, except under circumstances not applicable here, "[a] lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client." The purpose of the rule is to avoid the confusion that would otherwise result when a lawyer is called upon to be both a witness and an advocate in the same case, as well as to prevent placing the lawyer in the position of having conflicting loyalties (as might be the case where his testimony might ultimately prove damaging to the client).

Plaintiffs argue, nonetheless, that the rule has less force in the situation where the lawyer is simply apprising his adversary of the evidence his client has gathered of the adversary's misconduct. But this distinction overlooks the fact that, as a 30(b)(6) witness, Mr. Benschar will be under oath and his credibility may therefore be in issue. His deposition testimony, moreover, will be binding on his clients and admissible as such at trial. Thus, should the defendants decide to challenge any of those statements at trial, Mr. Benschar, as an advocate, may have to "vouch for his own credibility" or, at a minimum, put opposing counsel in the difficult position when he has to impeach a fellow advocate's credibility. See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,

2

378 F.3d 269, 282-83 (2d Cir. 2004). As noted, the advocate-witness prohibition was enacted in part to prevent such confusing, unseemly, and unfair situations. See New York Code Prof. Resp. Ethical Consideration 5-9; see also MacArthur v. Bank of N.Y., 524 F. Supp. 1205, 1208-09 (S.D.N.Y. 1981).

However, while such dangers may also arise in the pre-trial context, they are less likely to do so. Moreover, plaintiffs' other trial counsel, Milton Springut, Esq., has represented that inasmuch as it was counsel who supervised the investigation of the defendants' alleged trademark infringements, Mr. Benschar is in a much better position to provide defendants with the information they seek in this 30(b)(6) deposition than any other plaintiffs' representative who, in effect, would have to learn about it from counsel and their agents. While these practical considerations may not be dispositive in all circumstances, the Court concludes that, in this case, Mr. Benschar may serve as the 30(b)(6) witness on the aforementioned topics so long as he and his clients understand that he thereby incurs some material risk that he will subsequently be disqualified from serving as plaintiffs' trial counsel. Since Mr. Springut has represented that, in any event, it will be he, and not Mr. Benschar, who will serve as plaintiffs' primary trial counsel, the Court perceives no reason why it should not defer ruling on the disqualification issue until if and when it becomes ripe.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

3

Dated: New York, New York
       December 20, 2005